UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AILEEN MCMANUS,

    Plaintiff,

v.

SEMINOLE COUNTY
SCHOOL BOARD,

    Defendant.
_____/

CASE NO.:

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

Aileen McManus ("McManus"), by and through her undersigned counsel, hereby files her Verified Complaint against the Seminole County School Board ("Defendant") for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereafter "Title VII"), as amended by the Pregnancy Discrimination Act of 1978 (hereafter "PDA"), for violation of the Americans with Disabilities Act, as amended (hereafter the "ADA"), and for violation of the Family Medical Leave Act ("FMLA"), and in support states as follows:

## NATURE OF ACTION

1. This is an action arising from and seeking redress for Defendant's violations of:

    a. Title VII;

    b. the ADA; and

    c. the FMLA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction because this action involves claims for damages and reasonable attorneys' fees and costs under federal statutes, Title VII, FMLA and the ADA.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to McManus's claims occurred in the Middle District of Florida.

## PARTIES

4. McManus is a resident of Longwood, Seminole County, Florida.

5. At all material times herein, McManus was an "employee" of Seminole County School Board as defined 42 U.S.C. § 2000e(f).

6. Defendant is a political subdivision possessing authority under Article IX, Section 4(b), Fla. Const., to operate, control, and supervise all public schools located in Seminole County, Florida.

## PROCEDURAL REQUIREMENTS

7. McManus timely dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on June 22, 2021, relating to her Title VII and ADA claims.

8. The EEOC issued its Determination and Notice of Rights to McManus on March 10, 2022.

9. McManus has satisfied any and all administrative requirements precedent to the filing of her action.

## FACTUAL ALLEGATIONS

10. McManus was employed by Defendant as a school counselor at Markham Woods Middle School ("MWMS")/Seminole County Public Schools.

11. McManus learned she was pregnant during the summer of 2020.

12. McManus notified MWMS administration of her pregnancy on August 5, 2020.

13. McManus requested the accommodation of working from home due to her pregnancy.

14. In July, 2020, Linda Mumey ("Mumey"), MWMS's principal, denied McManus' work from home accommodation because it was purportedly "not feasible."

15. Other pregnant staff members were permitted to work from home at this time.

16. In August 2020, Mumey routinely made negative comments regarding necessary doctors' appointments attended by McManus relating to her pregnancy.

17. In September 2020, McManus was diagnosed with gestational diabetes relating to her pregnancy.

18. McManus notified HR Coordinator, Carianne Reggio ("Reggio") of her diagnosis and requested a work-from-home accommodation.

19. In response Reggio told McManus the requested accommodation and any other accommodation could only be granted at Mumey's discretion.

20. There was no effort by Mumey to engage in the collaborative accommodation process.

21. As a result, McManus's requested accommodation was not granted.

22. On October 21, 2020, Mumey met with McManus in her office and accused her of bad-mouthing her to staff, which caused an anxiety attack. She also accused her of not doing her job. Later, in January 2021, Mumey told McManus that she was not a team player. Similarly, on December 17, 2020, Mumey sent assistant principal Chuck Bennett to speak with McManus. During the meeting, Bennett attacked McManus and accused her of not taking care of her counterpart's caseload. That same day, McManus met with her doctor, who noted she had elevated blood pressure.

23. Mumey called McManus a bitch and told her that she wanted "the old you back."

24. Mumey's statements were a clear reference to McManus' pre-pregnancy employment.

25. At the time McManus was seven-months pregnant.

26. During this time McManus experienced multiple panic attacks and required hospitalization.

27. As a result of these issues and her pregnancy related health issues, McManus again requested work from home accommodations per her doctor's request.

28. McManus submitted FMLA paperwork in preparation for taking time off following the birth of her son, which was anticipated to be March 20, 2021.

29. A four-week work from home accommodation was granted but an extension was denied because purportedly "a body" was needed in the counselor's office

30. Mumey told McManus that she needed to request a letter from her doctor to advance the date of her FMLA leave to February 22, 2021.

31. McManus told Mumey she was still able to work, provided that she be allowed to work from home.

32. Mumey again refused to engage in any collaborative discussions regarding McManus' requested accommodation.

33. Mumey forced McManus to go on sick leave from February 22, 2021, to March 5, 2021, asked her to turn in her computer and MWMS keys and suspended her FSA (medical) card.

34. Based on conversations with her administration, McManus believed her FMLA leave would begin on March 8, 20 21, following the expiration of her sick leave.

35. McManus later learned that administration had never adjusted her leave to first reflect her sick leave and then FMLA leave.

36. As a result, McManus' leave began on February 22, 2021 and would end on May 21, 2021.

37. McManus requested an extension through the end of May, 2021, but it was denied.

38. On April 26, 2021, Mumey called McManus to tell her she would not be reappointed.

### COUNT I: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (GENDER [PREGNANCY] DISCRIMINATION)

39. McManus incorporates by reference paragraphs 1 through 12, 17, 18, 22-25 and 38 of her Verified Complaint.

40. McManus is a female and was, at all times relevant to this action, pregnant, placing her within a protected category (pregnancy) under Title VII and the PDA.

41. McManus was, at all times material hereto, qualified to perform and did perform her job duties with Defendant.

42. McManus was subjected to disparate treatment and adverse employment actions based on her pregnancy when, inter alia, Defendant failed to enter into the collaborative process when considering the provision of accommodations and treated her less favorably that it had treated other employees by refusing to allow her a work from home accommodation as requested by her physician.

43. The unlawful employment practices complained of and the actions of Defendant and/or its agents were willful, wanton, intentional, and committed with malice or with reckless indifference to McManus' protected rights, entitling her to an award of punitive damages.

44. The actions of Defendant make reinstatement ineffective as a make-whole remedy, entitling McManus to front pay in lieu of reinstatement.

45. As a direct and proximate result of Defendant's discriminatory actions, McManus has incurred, and will continue to incur, economic damages in the form of lost wages and benefits, and other compensable damages in the form of emotional

pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life.

46. McManus has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, McManus demands judgment against Defendant for:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Attorneys' fees and costs of this action; and

    e. Such other relief as this Court deems just and proper.

## COUNT II: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
### (RETALIATION)

47. McManus hereby repeats and realleges the allegations contained in paragraphs 1 through 12, 16, 22-26 and 38 as if fully set forth herein.

48. McManus engaged in protected activity when she objected to the unlawful gender (pregnancy) discrimination to which she was being subjected and requested accommodations consistent with those provided to other employees.

49. Defendant violated Title VII and the PDA by retaliating against McManus for objecting to the unlawful gender (pregnancy) discrimination to which

she was being subjected, with such practices constituting unlawful employment practices.

50. McManus was subjected to adverse employment actions based on her gender (pregnancy) for the reasons stated above and incorporated herein.

51. The adverse employment actions suffered by McManus was causally related to, and in retaliation for, McManus complaining about, and objecting in good faith to, unlawful gender (pregnancy) discrimination as prohibited by Title VII and the PDA.

52. The actions of Defendant make reinstatement ineffective as a make-whole remedy, entitling McManus to front pay in lieu of reinstatement.

53. As a direct, proximate, and foreseeable result of Defendant's retaliatory actions, McManus has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

54. McManus has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, McManus demands judgment against Defendant for:

 a. Back pay;

      b.     Front pay;

      c.     Compensatory damages;

      d.     Attorneys' fees and costs of this action pursuant to 42 U.S.C. § 2000e-5(k); and

      e.     Such other relief as this Court deems just and proper.

### COUNT III: AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. § 12101 *et seq*. (FAILURE TO ACCOMODATE)

55. McManus hereby incorporates the allegations set forth in paragraphs 1 through 11, 13-15, 17-21, 27, 29, 31 and 32 by reference.

56. McManus is a qualified individual with a disability and/or handicap as defined by the ADA as she had physical and/or mental impairments that substantially limit one or more major life activities and bodily functions. Specifically, McManus experienced a temporary change to her body due to her progressing pregnancy and related complications, making it difficult to work at the premises of MWMS

57. At all times material hereto, McManus was qualified to perform the essential functions of her position with or without reasonable accommodations.

58. Defendant failed to provide reasonable accommodations for McManus's disability when presented medical documentation and proof of an existing condition qualified under the ADA.

59. McManus's accommodations were all denied.

60. Defendant also discriminated against McManus on the basis of her disability by refusing to engage in the collaborative process and the accommodation of working from home.

61. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions, McManus has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

62. The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling McManus to front pay in lieu of reinstatement.

63. McManus has retained counsel to represent her in her matter and has incurred, and will continue to incur, attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, McManus demands judgment against Defendant for:

    a.    Back pay;

    b.    Front pay in lieu of reinstatement;

    c.    Compensatory damages;

    d.    Attorneys' fees and costs of her action pursuant to 42 U.S.C. § 12205; and

    e.    Such other relief as this Court deems just and proper.

## COUNT IV: THE AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008
(RETALIATION)

64. McManus hereby repeats and realleges the allegations contained in paragraphs 1 through 12, 16, 23-26 and 38 as if fully set forth herein.

65. McManus engaged in protected activity when she requested reasonable accommodation in work from home, and when she objected to the unlawful disability discrimination to which she was being subjected.

66. Defendant violated the ADA by retaliating against McManus for requesting accommodations and for objecting to the unlawful disability discrimination to which she was being subjected, with such practices constituting unlawful employment practices.

67. Defendant took adverse employment actions against McManus as a result of her protected activity by denying McManus's request for work from home, and then ultimately terminating her employment.

68. The adverse employment actions suffered by McManus were causally related to, and in retaliation for, McManus having engaged in the protected activities of seeking accommodations, and of complaining about, and objecting in good faith to, unlawful disability discrimination as prohibited by the ADA.

69. The actions of Defendant make reinstatement ineffective as a make-whole remedy, entitling McManus to front pay in lieu of reinstatement.

70. As a direct, proximate, and foreseeable result of Defendant's retaliatory actions, McManus has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

71. McManus has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, McManus demands judgment against Defendant for:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Attorneys' fees and costs of this action pursuant to *42 U.S.C. § 12205*; and

    e. Such other relief as this Court deems just and proper.

## **COUNT V: FMLA RETALIATION**

72. McManus incorporates by reference paragraphs 1 through 6, 10, 11, 30, 31, and 33 through 38 of this Verified Complaint.

73. McManus met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons.

74. McManus was entitled to FMLA leave.

75. McManus engaged in statutorily protected activity by applying for and taking leave under the FMLA.

76. Thereafter, McManus suffered adverse employment decisions as discussed above and incorporated herein.

77. These adverse decisions were made as a direct result of, and in retaliation for, McManus exercising her rights under the FMLA.

78. Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.

79. As a result of Defendant's retaliatory conduct, McManus suffered lost compensation, including the loss of wages and benefits.

80. McManus has and will continue to incur attorneys' fees and costs in this action and is entitled to recovery of her attorneys' fees and costs pursuant to the FMLA, 29 C.F.R. § 825.400(c).

WHEREFORE, McManus demands judgment against Defendant for:

    a. Lost wages and benefits;

    b. Liquidated damages;

    c. Injunctive relief;

    d. Attorney's fees and costs;

    e. Prejudgment interest; and

    f. Any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

McManus hereby demands a trial by jury on all issues and counts triable of right before a jury.

Date: June 8, 2022.        Respectfully submitted,

                              s/ Christopher A. Pace
                              Jill S. Schwartz, Esquire
                              Florida Bar No. 523021
                              Christopher A. Pace, Esquire
                              Florida Bar No. 676721
                              JILL S. SCHWARTZ & ASSOCIATES, P.A.
                              655 W. Morse Blvd., Suite 212
                              Winter Park, Florida 32789
                              Telephone: (407) 647-8911
                              Facsimile: (407) 628-4994
                              E-mail: jschwartz@schwartzlawfirm.net
                              E-mail: cpace@schwartzlawfirm.net

                              Attorneys for Plaintiff

## **VERIFICATION**

Personally appeared before the undersigned, AILEEN MCMANUS, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, are true and correct to the best of her knowledge, information and belief.

_____
AILEEN MCMANUS

STATE OF FLORIDA )
COUNTY OF Orange )

The foregoing instrument was acknowledged before me this 8th day of June 2022, by AILEEN MCMANUS, who is personally known to me or who has produced FL Drivers License as identification, and who did take an oath.

_____
Notary Public – State of Florida at Large
My Commission Expires: 8/22/23



AMY L. COOK
MY COMMISSION # GG 326959
EXPIRES: August 22, 2023
Bonded Thru Notary Public Underwriters